By the Court.—Loew, J.
As a general rule, the party who brings an action for the recovery of an assessment must, in order to maintain the same, assume the burden of proving the facts which are requisite to show that the assessment was duly and legally imposed on the property.
In Litchfield v. Vernon, 41 N. Y., 123, which was a suit by a collector to recover the sum which had been assessed on defendant’s property, the act authorizing the assessment provided that the common council should, upon the application of a majority of the persons owning land in the district proposed to be assessed by the act, apply to the supreme court for the appointment of three commissioners, &c.
The plaintiff obtained judgment at the special term, which was affirmed by the general term of the supreme court, but reversed on appeal to the court of appeals.
Judge. Grover, in delivering the opinion of the court of last resort, says : “The plaintiff seeks to show that the defendant became liable to pay the assessment. It was incumbent upon him to show the existence of the facts creating the liability. The act being silent as to what should be deemed proof of the fact that a majority of the land owners petitioned the council, the plaintiff was bound to prove such a fact by' competent common-law evidence. This could be done by proof showing who were the owners of the land at the time of the passage of the act, and that a majority of such persons petitioned the common council, as rquired by the first section of the act. Neither the application of *93 the council to the court, nor the affidavit of the mayor accompanying such application, was evidence of this fact against the defendant.”
Wetmore v. Campbell, 2 Sandf., 341, was an action of trespass brought in the superior court of this city, against the defendant, as collector, for seizing plaintiff’s safe and other office furniture, because the latter refused to pay an assessment, imposed on the premises occupied by him, for constructing a sewer under authority of the very section of the act of 1813 (R. L. 1813, ch. 86, § 175) under which the plaintiff, in the case at bar, claims that he is entitled to recover.
At the trial the verdict was taken for the plaintiff, subject to the opinion of the court at general term.
The general term decided that the plaintiff was entitled to judgment on the verdict, on the ground that he was not named in the assessment list as occupant of the store and lot assessed, and Sakdfoeb, J., who delivered the opinion of the court, says :—
“The general principles on which the plaintiff relies are well settled and indisputable.
“The authority for making and collecting the assessment is to be proved, and cannot be presumed or intended'; and each step in the process must be shown to have been regular and conformable to the statute conferring the power.”
But it is urged on the part of the plaintiff, in the case under consideration, that because by the latter portion of section 175 of the act referred to, it is enacted that if any assessment authorized by said section be paid by any person when by agreement or by law the same ought to have been borne and paid by some other person, it shall be lawful for the person to sue for and recover the money so paid, with interest, &c., and that the assessment aforesaid, with proof of payment, shall be conclusive evidence in such suit, it is only necessary for him to show that he paid an assessment to entitle *94 him to recover, and that he is not required to prove that the same is valid.
To this construction I cannot give my assent, even if this-provision of law is still in force, of which I entertain some doubt.
Assuming, however, that it has not been repealed, then “the assessment aforesaid” therein referred to, which, with proof of payment, is to be conclusive evidence, is evidently that laid in accordance with the provisions of said section, and' previously spoken of as the one which by agreement or by law should be borne and paid by some other person.
Mow an assessment not made in conformity with the requirements of the statute, would not be “ the assessment aforesaid,” neither would the law require, such an assessment to be borne and paid by any person, and it therefore seems to follow, as a matter of course, that the validity thereof must be made to appear before it can be conclusive evidence under the provision in question.
Moreover, as a party cannot be compelled to pay an invalid assessment by direct proceedings instituted for that purpose, it surely could not have been the intention of the legislature to compel him to pay such assessment in an indirect manner, as would very frequently be the case if plaintiff’s counsel were correct in his views.
Proof of the facts showing the legality of the assessment was, therefore, an essential prerequisite to a recovery on the part of the plaintiff.
But, even if such were the case, I do not see how this judgment could be sustained.
The only evidence offered on the trial to show any assessment, was the plaintiff’s testimony as follows: “I paid assessment thinking it Was on my house,” and the introduction of a bill for the same, purporting *95 to have been signed by a deputy collector of assessments.
This testimony of the plaintiff was clearly insufficient to predicate a judgment upon, and as regards the assessment bill, I do not see how that would aid the plaintiff’s case, as I know of no law, and we have been referred to none, which makes it legal evidence against the defendant, for any purpose whatever.
There was therefore no competent evidence that any assessment had ever been imposed on defendant’s property.
In my opinion, the justice should have granted the motion made by defendant’s counsel for a nonsuit on the ground that no lawful assessment had been proven, and his refusal to do so was error for which the judgment should be reversed.
Daly, Ch. J., and Robinson, J., concurred.